IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JONNIE G. GUERRA, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SPRINGDELL VILLAGE | : | |
| HOMEOWNERS ASSOCIATION, et al., | : | No. 11-200 |
| Defendants. | : | |

## MEMORANDUM

Schiller, J.  April 5, 2011

Jonnie Guerra was injured when she slipped on a patch of ice near her home in Chesterbrook, Pennsylvania. She has sued five defendants for negligence, and also seeks to recover against two of them as a third-party beneficiary of a snow removal contract between several defendants. Two defendants, C.M. Jones, Inc. and Bryn Mawr Landscaping Company ("Bryn Mawr") have filed motions to dismiss Guerra's breach of contract claim and her allegations of recklessness. For the reasons stated below, the motions will be granted in part and denied in part.

I.  BACKGROUND

Jonnie Guerra owned a townhome in Chesterbrook, where she paid dues to Defendant Springdell Village Home Owner's Association ("Springdell"). (Compl. ¶ 9.) On the morning of January 20, 2009, approximately four inches of snow had accumulated. (*Id.* ¶ 10.) That evening, Guerra slipped on a patch of ice and suffered serious injuries on the way back from her mailbox, which was located on a traffic island near her home. (*Id.* ¶¶ 17, 21.) Chesterbrook Parcel 1 Master Association, Chesterbrook Parcel One Trust (collectively, "Chesterbrook"), and Springdell owned the property where she fell. (*Id.* ¶ 19.) Bryn Mawr and C.M. Jones had entered into snow removal

contracts with Chesterbrook and Springdell. (*Id.* ¶ 20.) Guerra alleges that Defendants were negligent in failing to keep the area where she fell free from ice and ensuring adequate lighting for pedestrians. (*Id.* ¶ 44.) Guerra's Complaint also asserts that Defendants acted recklessly. (*Id.*) She additionally makes negligent supervision claims against all Defendants. (*Id.* ¶¶ 46-50.) Lastly, Guerra claims that as a home owner, she was an intended third-party beneficiary of the snow removal contracts and is entitled to recover against Bryn Mawr and C.M. Jones for breach of their obligations to adequately remove snow and ice. (*Id.* ¶¶ 51-58.)

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure mandate dismissal of complaints which fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Court accepts "as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom," viewing them in the light most favorable to the non-moving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

Courts apply a two-part analysis to determine whether claims should survive a Rule 12(b)(6) motion to dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The Court should first separate the factual and legal elements of each claim, accepting well-pleaded facts as true but disregarding legal conclusions. *See id*. Second, the Court must determine whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *See id*. at 211 (citing *Phillips*, 515 F.3d at 234-35). If the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the Court should dismiss the complaint for failure to state a claim. *See Jones v. ABN Amro Mortg. Grp.*, 606 F.3d 119, 123 (3d Cir. 2010).

## III. DISCUSSION

### A. Guerra is Not an Intended Third-Party Beneficiary of the Snow Removal Contracts

Count III of Guerra's Complaint states that Bryn Mawr and C.M. Jones entered into contracts with Springdell and Chesterbrook, which included providing services for "adequately plowing snow and ice from streets, adequately shoveling snow and ice from sidewalks and curb cut outs, and adequately salting and deicing the snow and ice from the streets and sidewalks." (Compl. ¶ 53). Bryn Mawr's and C.M. Jones' breach of these obligations caused Guerra's injuries. (*Id.* ¶ 54). Guerra asserts standing to enforce these contracts as a third-party beneficiary. (*Id.* ¶ 55.)

Whether a party is a third-party beneficiary with standing to enforce a contract is a question of law for the Court. *See Shumate v. Twin Tier Hospitality, LLC*, 655 F. Supp. 2d 521, 535 (M.D. Pa. 2009). Pennsylvania has adopted § 302 of the Restatement (Second) of Contracts to determine when a party is a third-party beneficiary of a contract, creating a two-part test: "(1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983). The first element of the test establishes "a standing requirement which leaves discretion with the court to determine whether recognition of third party beneficiary status would be appropriate," and the second element "defines the two types of claimants who may be intended as third party beneficiaries." *Scarpitti v. Weborg*, 609 A.2d 147, 150 (Pa. 1992). For the purported third party beneficiary to have standing to enforce

a contract, the contracting parties must have expressed an intent to benefit the third party in the contract itself, unless "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties." *Id.* at 150-51.

Guerra has not alleged that either contract contained any explicit provisions to benefit her. She therefore must point to compelling circumstances indicating that the party-defendants to the contracts intended to benefit her at the time the contracts were formed. *See id.; Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1088 (Pa. Super. Ct. 2005). Guerra has not plausibly alleged any such circumstances. Although the snow removal contracts may benefit paying members of the homeowners' association, the contracts would also benefit many other persons, including business invitees, trespassers, and social guests. *See* Restatement (Second) of Contracts § 302, cmt. e ("Performance of a contract will often benefit a third person. But unless the third person is an intended beneficiary . . . no duty to him is created."); *cf. Scarpitti*, 609 A.2d at 151 (reasoning that plaintiffs were third-party beneficiaries because the court could not identify any other persons intended to benefit from the contract).

Under Guerra's reasoning, every invitee, guest, and passerby in Springdell Village would be able to sue the moving defendants for their alleged failure to adequately perform their respective contracts. This does not comport with Pennsylvania's interpretation of § 302. Although *Scarpitti* carved out an exception to the general rule that a contract expressly state that a third party is intended to be a beneficiary, it is a narrow one. *See Katz v. Twp. of Westfall,* 287 F. App'x 985, 989-90 (3d Cir. 2008); *Hicks v. Metro. Edison Co.*, 665 A.2d 529, 535 (Pa. Commw. Ct. 1995) (noting that third-party beneficiary status must not extend to "virtually every member of the public"); *Burks*, 883 A.2d at 1090 (holding that a customer injured in a fall at a bank did not have third-party beneficiary

4

standing to assert a claim against the bank's liability insurer). Guerra is not a third-party beneficiary of the contracts. Accordingly, Guerra's breach of contract claims against Bryn Mawr and C.M. Jones must be dismissed.

    **B.    Allegation of Recklessness**

Bryn Mawr and C.M. Jones also move to dismiss the allegation that the actions of Defendants constituted recklessness. (*See* Compl. ¶ 44.) They argue that "the mere allegation of 'recklessness' is not supported by sufficient factual matter to demonstrate that the claim is facially plausible," and that the allegation is "nothing more than an attempt . . . to preserve a potential punitive damages claim" (Mot. to Dismiss by C.M. Jones 5.)

The word "reckless" has been defined as "the creation of a substantial and unjustifiable risk of harm to others and . . . a conscious (and sometimes deliberate) disregard for or indifference to that risk . . . ." Black's Law Dictionary 1385 (9th ed. 2009); *see Stambaugh v. Dep't of Envtl. Prot.,* 11 A.3d 30, 37 (Pa. Commw. Ct. 2010). Here, Guerra has "alleged enough facts to raise a reasonable expectation that discovery will reveal evidence" of recklessness. *See Phillips,* 515 at 234. Her Complaint alleges that Bryn Mawr and C.M. Jones allowed snow and ice to accumulate for an unreasonable amount of time, and failed to spread de-icer or otherwise make the area safe for pedestrians. (Compl. ¶¶ 26, 44.) At the motion to dismiss stage, Guerra is entitled to discovery to ascertain whether the moving defendants acted with deliberate indifference or consciously disregarded a known risk. *See Osti v. Shaw*, Civ. A. No. 10-183, 2010 WL 3328027 at *4 (M.D. Pa. Aug. 23, 2010).

## IV.     CONCLUSION

The Court will grant both motions with respect to Guerra's breach of contract claims. Because Guerra has plausibly alleged recklessness, the Court will not dismiss this allegation. An Order consistent with this Memorandum will be docketed separately.